IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:                                    CASE NO: 11-04549-TBB7
                                          CHAPTER 7
THE NINETEENTH STREET
INVESTMENTS, INC.

       Debtor.

DEBTOR'S RESPONSE TO MOTION FOR RELIEF FROM AUTOMATIC STAY

Comes now the Debtor, The Nineteenth Street Investments, Inc. and hereby responds to the Motion for Relief from Automatic Stay ("Motion for Relief") that was filed by Sharon Robertson, individually and as personal representative of the Estate of Timothy Andrew Robertson (the "Movant"), on September 16, 2011 [DE #15].

## The Debtor is out of business and has no assets.

The Nineteenth Street Investments, Inc. filed this no asset Chapter 7 case on September 9, 2011. The Debtor, which had owned an operated a convenience store, ceased doing business in late August of 2011, approximately two to three weeks prior to filing the Petition.

The Schedules reflect that the Debtor owned no real or personal property at the time the Petition was filed. Indeed, the only asset listed by the Debtor in its Schedules is the "right to sue insurance agent for messing up the name on the insurance liability policy." No value was attributed to that purported asset.

The Debtor herein and the Chapter 7 Trustee have not commenced litigation against the insurance agent. There is no money available to fund such litigation. Moreover, it is extremely doubtful that such litigation, even if it could be funded and was successful, would be of any benefit to the Estate.

The Debtor would show that they did not want to file Chapter 7 bankruptcy, but with the anticipated past and future cost of continuing on with the litigation in three civil cases, they could not fund a defense of those cases.

## Liabilities of the Debtor

The aggregate amount of the Debtor's liabilities, as listed in the Schedules, is $37,603.00. The scheduled liabilities include

claims asserted in several lawsuits that were filed against the Debtor before the Petition was filed, bills for telephone service and attorneys' fees. The lawsuits seek compensatory and punitive damages in amounts to be determined by a jury and would be in addition to the $37,603.00 in ascertained debts.

### The Estate is administratively insolvent

The Estate is administratively insolvent. There are no assets from which to pay the costs of administration, much less the creditors' claims.

### The Debtor has no liability insurance

As stated above, there are several pending state court personal injury and wrongful death cases that were brought against the Debtor prior to the filing of the Petition. The personal injury and wrongful death claims are based on allegations that an employee of the Debtor sold alcoholic beverages to an underage driver, and that this was the proximate cause of the injuries that were allegedly sustained by the Plaintiffs.

The Trustee has not had an opportunity to conduct an investigation to determine whether the Debtor had any liability insurance when the alleged claims in the state court case arose. The 341 Meeting of Creditors is scheduled for October 17, 2011. Based on this investigation, the Trustee may or may not conclude that the Debtor was or was not insured by any liability policy on the relevant dates. The Trustee has not had an opportunity to determine whether there is or was available insurance coverage to the Debtor/Defendant with respect to any of the claims. Allowing relief from stay in this case is likely to result in a judgment being entered against this Debtor as there are no assets to continue to fund the defense of this case on behalf of the Debtor/Defendant.

### The Motion for Relief and Fact Summary

The Movant states in the Motion for Relief that there are three state court cases which were consolidated for discovery and trial prior to the filing of the Petition. The Movant also states that the Debtor, Ibrahim Sabbah and Sabbah Enterprises, Inc. are Co-Defendants in the state court cases. Apparently, it is the position of the Movant that Ibrahim Sabbah and Sabbah Enterprises, Inc. are alter-egos of the Debtor, and are therefore liable for the alleged damages sustained by the Plaintiffs.

In support of the Motion for Relief, Movant filed a Fact Summary For Motion For Relief From Automatic Stay To Foreclosure [sic] Security and Leashold [sic] Interests In Chapter 7 And

Chapter 13 Cases [DE #23] (the "Fact Summary"). Despite the title of the Fact Summary, the Movant is not seeking relief from the automatic stay in order to foreclose a security interest in any property of the Estate. There is no property in the Estate in which the Movant could claim a security interest. Moreover, the Movant fails to allege that she holds a security interest in any property or has a security interest in or collateral assignment of any leasehold.

It is crystal clear that the Movant is actually seeking relief from the automatic stay in order to pursue the pending state court claims against Ibrahim Sabbah and Sabbah Enterprises, Inc.

## There are no grounds for lifting the automatic stay

The Movant cannot establish grounds for lifting the automatic stay solely for the purpose of pursuing litigation in state court.

Section 362 (d) of the Bankruptcy Code provides that the automatic stay may be terminated, annulled, modified, or conditioned for cause. Cause includes the lack of adequate protection of an interest in property. Adequate protection of an interest in property is not an issue in this case.

As many courts have stated, cause for lifting the automatic stay is not limited to the lack of adequate protection. Relief from stay for cause is a discretionary determination made on a case by case basis. As stated by the Court in the case of In re Thomas E. Merchant, 256 B.R. 572 (Bankr. WD MO 2000), " 'Cause' is an intentionally broad and flexible concept which must be determined on a case-by-case basis." See also, In re J E Livestock, Inc., 375 B.R. 892 (10th Cir. BAP 2007), in which the Court stated that, "Because 'cause' is not further defined in the Bankruptcy Code, relief from stay for cause is a discretionary determination made on a case by case basis."

In determining whether cause exists to grant relief from the automatic stay, courts balance the inherent hardships on the parties. In the case of In re Opelika Manufacturing Corp, 66 B.R. 444 (Bankr. N.D. Ill. 1986), the Court stated that the lifting or not lifting of the stay will generally impose some degree of hardship on one or more of the parties involved. In determining whether or not cause exists, the bankruptcy court must balance the inherent hardships on all parties and base its decision on the degree of hardship and the overall goals of the Bankruptcy Code.

## The Motion for Relief should be denied

As previously stated, this is a no asset case. The Debtor had no liability insurance at the time the events alleged in the state court cases took place. The Movant acknowledges that fact in her Fact Summary, but alludes to a potential errors and omissions claim against an insurance agent. Assuming, arguendo, that an errors and omission claim exists, it is property of the Estate. Only the Trustee could assert such a claim.

Even if the Movant got a judgment against the Debtor in state court, there is no possibility that a claim based on the judgment would result in a distribution to the claimant.

The Movant has only one motive for filing the Motion for Relief. She wants to litigate her state court alter ego claims against Ibrahim Sabbah and Sabbah Brothers Enterprises, Inc. This is not a proper basis upon which to seek stay relief from this Court.

The Motion for Relief does not allege, and the Movant cannot establish, cause for lifting the automatic stay to pursue state court litigation against parties claimed to be alter-egos of the Debtor.

To the contrary, there is cause for not lifting the automatic stay. Lifting the stay would require the Trustee to defend litigation against the Debtor in the state court cases without any funds to do so. Under these facts, the harm to the Debtor and the Trustee clearly outweighs the harm, if any, to the Movant.

For all of these reasons, the Motion for Relief should be denied.

/s/ Andrew Laplante
Andrew Laplante
Attorney for Debtor
1604 Third Avenue North
Bessemer, AL 35020
Telephone: (205) 424-3800
Fax: (205) 424-2055
E-mail: laplantea@bellsouth.net
Attorney Code: LAP003

CERTIFICATE OF SERVICE

    I hereby certify that I have served a true and correct copy of the forgoing Debtor's Response to Motion for Relief from Automatic Stay upon the following, by placing a copy same in the U. S. Mail, first class postage prepaid and properly addressed.

Patrick M. Lavette
Attorney for Sharon Robertson
P.O. Box 360186
Birmingham, AL 35236

Kori Clement
Hare, Clement & Duck, P.C.
Attorney At Law
505 20th Street North
1010 Financial Center
Birmingham, Alabama 35203

Don McKenna
Attorney At Law
Hare, Wynn, Newell & Newton
The Massey Building
2025 3rd Avenue North
Birmingham, Alabama 35203

Ralph Bohanan, Jr.
Attorney At Law
One Perimeter Park South, Suite 315S
Birmingham, AL 35243

Edward D. Tumlin
Attorney At Law
P.O. Box 36683
Birmingham, Alabama 35236

Andre' M. Toffel
Chapter 7 Trustee
1929 3rd Avenue North, Site 4
4th Floor Farley Building
Birmingham, AL 35203

    Done this the 7th day of October, 2011.

                      /s/ Andrew Laplante
                      Andrew Laplante

\\Frontoffice-pc\users\Secretary\Documents\WPDOCS\BANKRUPT\Clients\The Nineteenth Street Invenstments\Response to Motion for Relief 10-3-2011.txt