## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| THE NINETEENTH STREET | ) | |
| INVESTMENTS, INC. | ) | **CASE NO.: 11-04549-TBB7** |
| | ) | **Chapter: 7** |
| DEBTOR | ) | |

### MOTION FOR INSTRUCTIONS, CLARIFICATION, AND ORDER

COMES NOW Creditor, Michael Waldrop, and files this motion for instructions and clarification of the Court's January 31, 2012 Order granting relief from stay in the above-entitled Chapter 7 proceedings. As grounds, Movant shows as follows:

1.     On or about October 28, 2011, Movant filed a "Motion for Relief from Automatic Stay" in this proceeding regarding Debtor The Nineteenth Street Investments, Inc. ("Nineteenth Street"). Movant's motion is attached hereto as Exhibit "A". The Motion sought leave to proceed in a State Court dram shop action against debtor.

2.     Nineteenth Street is a co-defendant in the State Court dram shop action along with Sabbah Brothers Enterprises, Inc. ("SBE") and Ibrahim Sabbah ("Sabbah").[1]

3.     Neither SBE nor Sabbah have filed for Bankruptcy Court protection, and neither has sought the protection of the automatic stay entered in the Bankruptcy Court.

4.     On January 31, 2012, the Bankruptcy Court granted the Motion. The Order granted the Motion "with any recovery limited to being against any applicable insurance coverage." *See* Order attached as Exhibit "B". Movant understood the Court's Order to restrict

---

[1] Sabbah is the sole shareholder, officer, and director of both SBE and debtor Nineteenth Street.

1

any attempt to collect a judgment against the debtor to the Bankruptcy Court's jurisdiction, but to allow collection from any non-debtor co-defendants in the State Court action.

5.      Movant's State Court claims against SBE and Sabbah are "alter ego" or "pierce the corporate veil" claims.  In essence, plaintiffs have alleged that Sabbah and SBE are equally responsible for the torts of the debtor.  The State trial court had previously determined that it would try the underlying tort issues against defendant/debtor Nineteenth Street, and - - after entry of any judgment - - determine in a separate non-jury proceeding whether the alter ego co-defendants would also be liable.

6.      In February 2013, the State Court jury returned a verdict totaling $3.75 million on behalf of Movant and against defendant Nineteenth Street.  On information and belief, the co-defendants have assets and/or liquor liability insurance coverage which may partially satisfy the judgment.

7.      Thereafter, the State trial court scheduled a non-jury proceeding with respect to the equitable "alter ego" claims against SBE and Sabbah.  Said hearing was scheduled to begin May 29, 2013.

8.      On or about April 8, 2013, debtor filed a "Motion to Dismiss" the State Court action.  As part of that motion, the debtor alleges that any alter ego claims are property of the estate and that pursuit of any such claims against the co-defendants must be prosecuted under the jurisdiction of Bankruptcy Court.

9.      The State trial court has stayed the action pending a ruling or instruction from the Bankruptcy Court as to whether the alter ego claims are, in fact, an asset of the estate or whether they may be pursued independently in the State Court.  See Order attached as Exhibit "C".

**WHEREFORE, Premises Considered**, Movant seeks clarification and instruction from the Bankruptcy Court and a Court Order that provides:

(a)      Waldrop may prosecute claims against SBE and Sabbah outside of the Bankruptcy Court;

(b)      The alter ego claims are not considered to be an asset of the bankrupt estate of the debtor The Nineteenth Street Investments, Inc.;

(c)      This Court's order allows Waldrop to pursue insurance coverage issued to other entities via an alter ego claim;

(d)      This Court's order limiting recovery to insurance coverage allows Waldrop to pursue claims against others, i.e. alter ego claims;

(e)      Alter ego claims against SBE and Sabbah do not need to be pursued within the jurisdiction of the Bankruptcy Court; and

(f)      Alter ego claims against SBE and Sabbah may be pursued in the State Court action.

/s/Ashley Reitz Peinhardt
Ashley Reitz Peinhardt
ashley@hwnn.com
Attorney for Movant
Michael Waldrop

**OF COUNSEL:**

Don McKenna
Ashley Peinhardt
Hare, Wynn, Newell & Newton, LLP
2025 Third Avenue North, Suite 800
Birmingham, AL 35203
Phone: (205) 328-5330
Fax: (205) 324-2165

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 20th day of May, 2013, I have served a copy of the above and foregoing on counsel for all parties by:

  _X_     Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to:

Kori Clement, Esq.
HARE, CLEMENT & DUCK, P.C.
505 20th Street North
1010 Financial Center
Birmingham, AL  35203

Patrick M. Lavette, Esq.
Davenport, Lavette & Cleckler, P.C.
Post Office Box 360186
Birmingham, AL  35236

Ralph Bohanan, Jr., Esq.
BOHANAN & ASSOCIATES, P.C.
One Perimeter Park South, Suite 315S
Birmingham, AL  35243

Edward D. Tumlin, Esq.
P.O. Box 36683
Birmingham, AL  35236

The Nineteenth Street Investments, Inc.
c/o Andrew N. Laplante, Esq.
1604 3rd Avenue North
Bessemer, AL  35020

                         /s/Ashley R. Peinhardt
                         OF COUNSEL