IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE: )
)
THE NINETEENTH STREET )
INVESTMENTS, INC. ) CASE NO.: 11-04549-113137
) Chapter 7
DEBTOR )

## OPPOSITION TO MOTION FOR
## RELIEF FROM AUTOMATIC STAY

COMES NOW the debtor, The Nineteenth Street Investments, Inc. (hereinafter "Nineteenth Street") and files this opposition to the motion for relief from stay filed by Tammy Hardin, individually, and as Next Friend of Brittany Caffee. In support thereof, Nineteenth Street states as follows:

1. Tammy Hardin, individually, and as Next Friend of Brittany Caffee, as well as to other defendants in the underlying litigation, has filed an amended motion for relief from the automatic stay so that they can pursue a claim against the debtor, Nineteenth Street.[1]

2. In their respective petitions, they assert that the debtor has listed as an asset a contingent claim described as "right to sue insurance agent for messing up the name on the insurance liability policy." Apparently, they take the position that the debtor has a potential claim against an insurance company or agent for negligent failure to procure an insurance policy, fraud or bad faith. However, what they fail to point out to this Court is that any such claim would be barred by the two-year statute of limitations and thus is of no value whatsoever to the estate. That is, after Nineteenth Street communicated to the insurance company, and after the insurance company determined that there was no policy in place on the date of the allegations

---

[1] If said creditor is seeking leave to pursue claims other than Nineteenth Street, such issues are presently set to be heard on June 11th and this issue should be tabled until then.

made in the underlying litigation, a denial letter was sent to Nineteenth Street on July 19, 2007. Thus, any claim under any theories set forth herein would be barred by the statute of limitations applicable to such actions. Ala. Code § 6-2-38 (1975). Moreover, the debtor cannot sue for breach of contract because there was never an insurance policy.

3. Moreover, the Trustee for the bankrupt estate in opposing a similar motion for relief from the automatic stay filed by one of the other plaintiffs[2] has pointed out that it

> conducted an investigation to determine whether the debtor had any liability insurance when the alleged claims in the state court case arose. Based on this investigation, the trustee has concluded that the debtor was not insured by any liability policy on the relevant dates. The trustee has also concluded that the debtor has no available insurance coverage with respect to any of the claims.

*See* Trustee's Response to Motion for Relief from Automatic Stay.

4. The Trustee pointed out that the estate was administratively insolvent and that there were no assets from which to pay the costs of administration, let alone to fund a potential lawsuit against the insurance agent or insurance company. *Id.*

5. As also pointed out by the Trustee "relief from stay for cause is a discretionary determination made on a case-by-case basis." *Id.* In determining whether a cause exists to grant relief from the automatic stay, courts balance the inherent hardships on the parties. In re Opelika Manufacturing Corp., 66 B.R. 444 (Bankr. N.D. 1986). "Section 362(d) of the Bankruptcy Code provides that the automatic stay may be terminated, annulled, modified or conditioned for cause. Cause includes the lack of adequate protection of an interest in property. Adequate protection of an interest in property is not an issue in this case." *Id.*

6. As the Trustee also pointed out, only the Trustee could make a determination about whether to pursue the described potential claim against the insurance company or agent,

---

[2] Sharon Robertson

2

and clearly the Trustee has concluded such a claim would be fruitless. *Id.* In pointing out that the pending matter is a "no asset case," the Trustee stated:

> The debtor had no liability insurance at the time the events alleged in the state court cases took place. The movant acknowledges that fact in her fact summary, but alludes to a potential errors and omissions claim against an insurance agent. Assuming, *arguendo*, that an errors and omission claim exists, it is property of the estate. Only the trustee could assert such a claim.
>
> Even if the movant got a judgment against the debtor in state court, there is no possibility that a claim based on the judgment would result in a distribution to the claimant.
>
> The movant has only one motive for filing the motion for relief. She wants to litigate her state court alter-ego claims against Ibrahim Sabbah and Sabbah Brothers Enterprises, Inc. **This is not a proper basis upon which to seek stay relief from this court.**

*Id.* (emphasis supplied)

Because of the foregoing, the movant cannot establish cause for lifting the automatic stay to pursue the state court action against parties which are claimed to be alter-egos of the debtor. As the Trustee has indicated in the prior action, "lifting the stay would require the Trustee to defend litigation against the debtor in the state court cases without any funds to do so." Thus, the harm to the debtor and the Trustee clearly outweighs the harm, if any, to the movant.

As indicated by Alabama courts, an alter-ego claim against a corporation's principal is a cause of action *belonging to the bankruptcy court*. See Baillie Lumber Co., LP v. Thompson, 413 F.3d 1293 (11th Cir. 2005)).

The statute establishing a debtor's bankruptcy estate, including "all legal and equitable interests of the debtor in property as of the commencement of the case," includes legal causes of action the debtor had at the commencement of the bankruptcy case. Bankr. Code, 11 U.S.C.A. § 541(a). Whether or not an interest falls within the scope of the "property of the estate" is a

3

federal question answered by reference to relevant non-bankruptcy law. Id. Several circuit courts have considered whether an alter ego claim is property of the estate and have reached different results due to variations in state law. *See, e.g.,* In re Icarus Holding, LLC, 290 B.R. 171, 174-75 (Bkrtcy. M.D. Ga. 2002) (*citing* Phar-Mor, Inc. v. Coopers & Lybrand, 22 F.3d 1228, 1240 (3rd Cir. 1994); In re Ozark Restaurant Equipment Co., Inc., 816 F.2d 1222 (8th Cir. 1987); Matter of S.I. Acquisition, Inc., 817 F.2d 1142 (5th Cir. 1987)). However, the courts' reasoning begins with the same premise: "If the debtor could have brought the suit outside of bankruptcy then the claim becomes property of the estate assertable by the trustee." In re Icarus Holding, LLC, 290 B.R. at 175.

Alabama courts have recognized the general principle that a corporation, and, thus, the trustee, may bring a claim related to piercing of the corporate veil. *See, e.g.,* In re Icarus Holding, LLC, 290 B.R. 171, 174-75 (Bkrtcy. M.D. Ga. 2002). Accordingly, as recognized by the Eleventh Circuit Court of Appeals, a suit to pierce the corporate veil under an alter ego theory falls within the property of the corporate debtor's bankruptcy estate subject to the exclusive control of the trustee. Id. Therefore, the bankruptcy trustee has the exclusive right to assert any cause of action held by the estate. Id.

Because the alter ego doctrine is not a cause of action that belongs solely to the estate's creditors, the trustee for Nineteenth Street has the exclusive right to bring an alter ego claim. Accordingly, Harden lacks standing to assert an alter ego claim and the claims asserted in Amended Motion are thereby precluded. Id.

4

Based upon the foregoing, the debtor respectfully requests that the Court deny the Motion for Relief from Automatic Stay filed by Tammy Hardin, individually, and as Next Friend of Brittany Caffee.

                                                 /s/ Kori L. Clement
                                                 Kori L. Clement (CLEMK5125)
                                                 Attorney for The Nineteenth Street Investment, Inc.

OF COUNSEL:
HARE & CLEMENT, P.C.
100 Chase Park South, Suite 200
Hoover, Alabama 35244
Telephone: (205) 322-3040
Facsimile: (205) 403-4975
E-mail: clem@harelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon counsel of record by placing a copy of same in the United States Mail, properly addressed and postage affixed, this the 20th day of May, 2013, as follows:

Edward D. Tumlin, Esquire
Post Office Box 36683
Birmingham, Alabama 35236

Ralph D. Gaines, III, Esquire
Gaines, Wolter & Kinney, P.C.
3500 Blue Lake Drive, Suite 425
Birmingham, Alabama 35243

Staci G. Cornelius, Esquire
Haskell, Slaughter, Young & Rediker, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203

Patrick M. Lavette, Esquire
DAVENPORT & LAVETTE, P.C.
Post Office Box 360186
Birmingham, Alabama 35236

5

Curtis Gordon, Esquire
Gordon & Latham
2105 Third Avenue North
Birmingham, Alabama 35203

Don McKenna, Esquire
Hare, Wynn, Newell & Newton
The Massey Buildings, Suite 800
2025 Third Avenue North
Birmingham, Alabama 35203

Andrew N. Laplante, Esquire
1604 3rd Avenue North
Bessemer, Alabama 35020

Andre' M. Toffel, Esquire
Andre' M. Toffel, P.C.
1929 3rd Avenue North, Suite 4
Birmingham, Alabama 35203

Ralph Bohanan, Jr., Esquire
Bohanan & Associates, P.C.
One Perimeter Park South
Suite 315 South
Birmingham, Alabama 35243

/s/
OF COUNSEL